IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKUL KLEHM, | § | |
|    *Plaintiff,* | § | CIVIL ACTION NO. 4:22-CV-01226 |
| | § | |
| V. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| RAWLTYN JORDAN HART, et al., | § | ("JURY REQUESTED") |
|    *Defendants.* | § | |

### DEFENDANT HARRIS COUNTY'S AMENDED REPY TO PLAINTIFF'S RESPONSE TO HARRIS COUNTY'S MOTION TO DISMISS

TO THE HONORABLE JUDGE CHARLES ESKRIDGE:

Defendant Harris County (Harris County) files this Reply to Plaintiff's Response to Harris County's Motion to Dismiss (Motion) Plaintiff Mikul Klehm's (Plaintiff) First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and respectfully shows the Court as follows:

### Reply to Response to Motion to Dismiss

To survive Harris County's Motion, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The crux of Plaintiff's Response to Harris County's Motion ("Response") focuses on Defendant Hart's ("Hart") behavior and restates Plaintiff's First Amended Petition. [Doc. 18]. Plaintiff fails to defend any "facts that plausibly establish: 'a policy-maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.'" *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578-579 (5th Cir. 2001); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir.2018).

Plaintiff appears to argue that this Motion should be decided on a summary judgment standard of review instead of under 12(b)(6), citing *Pena v. City of Rio Grande* as applying to summary judgments. [Doc. 27, p. 9-10]. This argument is misplaced and does not relieve Plaintiff from addressing pleading deficiencies necessary to survive this Motion. Plaintiff cites to *Estate of Davis* for the proposition that the "specificity requirement is not strict." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

This argument is again misplaced. A successful showing of such a pattern "requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.'" *See Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question"). "While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired...." *Estate of Davis*, 406 F.3d at 383.

Plaintiff's Response fails to establish the necessary elements of his claim that Harris County has a custom, policy or practice to use excessive force and presents no facts to support this conclusory allegation or any causal link and fails to establish the necessary elements of ratification of Hart's actions. Plaintiff pleads nothing beyond the conclusory allegation of a policymaker's knowing approval of action and improper basis for those actions.

Finally, Plaintiff does not address Harris County's argument establishing Plaintiff cannot recover punitive damages from it. Instead, Plaintiff urges recovery of punitive damages from Hart. This Motion is brought on behalf of Harris County only, and Plaintiff may not recovery punitive damages from Harris County.

**Harris County is entitled to dismissal of the *Monell* claims.**

Plaintiff specifically "restates each allegation in Plaintiff's Complaint, Doc. 18." [Doc. 27, p. 1]. In addressing Harris County's *Monell* argument, Plaintiff responds that the "DOJ Memorandum, several specific cases, and thousands of excessive force complaints" constitute sufficient evidence to establish a widespread pattern or practice of the use of force within Harris County. [Doc. 27, p. 9]. Plaintiff argues that unsubstantiated, dissimilar allegations of use of force complaints equate to a Harris County policy [Doc. 18, ¶¶ 23, 24]. These "thousands" of complaints, that are generically referenced in the First Amended Complaint and Response, do not establish a pattern of similar incidents. *See Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question"). Further, the reference to these complaints is flawed because (a) there are no facts or details that show how these complaints are similar to what ultimately transpired in this case; (b) the reference fails to provide any evidence that these complaints actually involved unconstitutional conduct by Harris County; and (c) it fails to plausibly suggest a custom or pattern of abuse to which Harris County was deliberately indifferent. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not

3

adequate to prevent dismissal. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

The Fifth Circuit illustrated the high burden of showing custom in *Pineda* by rejecting plaintiff's argument that 11 incidents of unconstitutional searches out of 500 narcotics incidents could constitute a widespread practice "in one of the Nation's largest cities and police forces." *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).

Plaintiff's pattern evidence is fatally flawed for several reasons. Firstly, Plaintiff includes cases that did not result in judicial determinations that excessive force was used by HCSO deputies, let alone determinations prior to the event of this case. In fact, Plaintiff includes cases that no allegations of excessive force were made (Matthew Cobb), cases in which the Court found qualified immunity for the force used (Danny Thomas) and cases that are currently pending (Joshua Coucke). Allegations of excessive force are just that-allegations-and therefore improper to construe as evidence of "pattern or custom."

Secondly, Plaintiff's inclusion of alleged jail events including the 2009 DOJ report are not properly construed against events in the field. Differences between the demands of maintaining security in jails and the challenges of policing the streets necessarily affect the policies developed for each environment. Those differences foreclose inferring that the County adopted a policy for one environment based on its employees' actions in another. Jail-related incidents cannot sustain Plaintiffs' claim. *See Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 809-11 (5th Cir. 2017).

In *Hicks-Fields*, the Fifth Circuit held that the same excessive-force examples detailed in the DOJ Report failed to "resemble—with sufficient similarity—the

4

constitutional violations alleged," even though the alleged violations similarly concerned the use of excessive force in the County jail. *Id.* at 810-11. That decision squarely precludes finding that the DOJ Report and other jail incidents demonstrates a pattern of excessive force *outside* the County-jail context. Plaintiff cannot bridge the gap just by claiming that all the incidents, whether in the jail or on the street, involved County employees. Actions by detention officers cannot render the County liable here.

Furthermore, Plaintiff's Response glosses over the fact that he failed to identify any specific, officially-promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Plaintiff's constitutional rights. Plaintiff's complaint that the HCSO policy of using TCOLE standards of training is unconstitutional is nonsensical. TCOLE standards have not been determined by any court to be unconstitutional. Nor has Plaintiff included a claim against TCOLE in this suit alleging TCOLE training standards are unconstitutionally deficient, therefore that issue is not properly before this Court. Plaintiff points to a "Sunset Advisory Report" that allegedly pointed out TCOLE deficiencies however the Texas state legislature and TCOLE are charged with adopting or declining to adopt such recommendations, not the HCSO. Plaintiff points to no caselaw that supports his position that compliance with state training requirements is deficient. As TCOLE's training standards have not been found to be unconstitutional, the HCSO itself could not be deliberately indifferent to following training guidance by the state of Texas.

Plaintiff also raises a purported custom as an inference of a conspiracy between the HCSO and the County Attorney with regards to criminal investigations and resultant non-

charges (or no-bills) against officers. From his Response: "The Sheriff and County Attorney intentionally hid evidence from the grand jury in Hart's case and others to avoid liability and embarrassment." First, the Harris County Attorney does not pursue criminal charges in Harris County, that is the role of the elected District Attorney on behalf of the State of Texas. Second, grand jury proceedings are by law secret, thus Plaintiff's allegations are wildly speculative. Third, as with the TCOLE training issue, Plaintiff does not bring suit against the District Attorney. Therefore, Plaintiff's allegations effectively require the County to defend the actions of a third party (the State of Texas) before a closed hearing that it is not privy to. To the extent that this is considered a custom by the Plaintiff, it is improperly pled as required by FRCP 8 and should be dismissed.

**1.    Harris County has not "ratified" any excessive force against Plaintiff.**

Plaintiff's ratification claim against Harris County fails as he does not allege plausible facts required to establish such a claim. The Fifth Circuit has limited the theory of ratification to "extreme factual situations." *Compare Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification where officer shot fleeing suspect in the back), with *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (finding ratification where in response to a minor traffic violation, three patrol cars engaged in a high-speed chase during which they fired wildly at the suspect; the object of this chase took refuge on an innocent person's ranch, where the entire night shift of the city police force converged and proceeded to direct hails of gunfire at anything that moved, killing the innocent rancher as he emerged from his own vehicle). While this case stems from an

officer-involved shooting, it does not present an extreme factual situation under the Fifth Circuit precedent.

In this case, Plaintiff alleges that "Hart violated clearly established law because Plaintiff was shot in the back while posing a threat to no one…and shot again when Plaintiff was incapacitated and surrendering." [Doc. 27, p. 19, citing Doc. 18, ¶¶ 15-17, 30]. Plaintiff argues "Hart committed obvious constitutional violations" and Harris County's "inaction after investigation is a ratification of that violation." [Doc. 27, p. 20]. Even taken as true, Plaintiff's version of facts and interpretation of video evidence he disputes in his Response, the incident does not rise to the level of the required extreme factual situation. [Doc. 27, p. 3]. Plaintiff therefore, fails to state a ratification claim against for which relief can be granted and such claim should be dismissed.

To the extent this ratification claim purports to hold Harris County liable for a failure to retrain or discipline Hart for the alleged use of excessive force, Harris County can only be found liable for failure to discipline if Harris County <u>itself</u> causes the alleged constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

2.     **Harris County is not liable for punitive damages.**

Plaintiff cannot recover punitive damages from Harris County and Plaintiff's Response appears to address only punitive damages from Hart. Plaintiff's reliance on *Smith v. Wade* to support his argument in favor of collecting punitive damages against Harris County is misguided. *Smith v. Wade,* 461 U.S. 30 (1983). The *Smith* case found that punitive damages were proper against individual defendants, not governmental entities. Fifth Circuit and U.S. Supreme Court precedent clearly holds that punitive

damages are not proper against a governmental entity, like Harris County, because the governmental entity is immune. *See Robinson v. Hunt County, Tex.*, 921 F.3d 440, n.6 (5th Cir. 2019) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)). Accordingly, Plaintiff's claims for exemplary damages fail as a matter of law and dismissal should be with prejudice.

## Conclusion & Prayer

Plaintiff has failed to state a claim under Fed. R. Civ.P. 12(b)(6). His *Monell* claims fail because his allegations are conclusory and show no causal connection to constitutional violations. Plaintiff has failed to set forth facts supporting a ratification claim against Harris County. Plaintiff is not entitled to recover for punitive daamages from Harris County.

WHEREFORE, PREMISES CONSIDERED, Harris County requests the Court grant its Rule 12(b)(6) Motion and enter an order dismissing Plaintiff's claims against it, award costs and attorney's fees to Harris County and grant all other relief to which Harris County is entitled.

**Date: November 11, 2022**

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | **LAURA BECKMAN HEDGE** |
| | Sr. Assistant County Attorney |
| Christian D. Menefee | **ATTORNEY-IN-CHARGE** |
| State Bar No. 24088049 | State Bar No. 00790288 |
| HARRIS COUNTY ATTORNEY | Federal ID No. 23243 |
| | 1019 Congress Plaza |
| | Houston, TX 77002 |
| | (713) 274-5137 (telephone) |

8

Laura.hedge@harriscountytx.gov

*/s/ Amy Magness VanHoose*
**AMY MAGNESS VANHOOSE**
Sr. Assistant County Attorney
State Bar No. 24042085
Defensive Litigation
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
Amy.vanhoose@harriscountytx.gov

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## Certificate of Compliance

This motion complies with the typeface requirements and type-volume limit of Judge Eskridge's Court Procedures 18 (b) and (c) and this Reply to Plaintiff's Response to Defendant Harris County's Motion to Dismiss contains 1,198 words.

*/s/ Amy Magness VanHoose*
**AMY MAGNESS VANHOOSE**

## Certificate of Service

I hereby certify that on November 11, 2022, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to:

DAVID BLEAKNEY
Texas Bar No. 24103798
100 N. Velasco
Angleton, TX 77515
Telephone: (512) 541-8251

9

Facsimile: (512) 532-7964

></>*/s/ Amy Magness VanHoose*</u>
AMY MAGNESS VANHOOSE