IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKUL KLEHM, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. NO. 4:22-CV-01226 |
| | § | JUDGE ESKRIDGE |
| RAWLTYN J. HART in his individual | § | JURY DEMANDED |
| capacity; and HARRIS COUNTY, | § | |
| TEXAS aka HARRIS COUNTY | § | |
| SHERIFF'S OFFICE, | § | |
|     *Defendants*. | § | |

## DEFENDANT HART'S ORIGINAL ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Rawltyn J. Hart ("Hart"), appears under Fed. R. Civ. P. 8 to answer Plaintiff Mikul Klehm's ("Klehm") First Amended Complaint [Dkt. 18] (hereinafter, "Complaint") and to assert affirmative defenses. In the following numbered paragraphs, Defendant Hart will respond to the correspondingly numbered paragraphs of the Complaint.

### I.

### NATURE OF THE CASE

1. Admitted that the case arises under the federal law – that being the constitutional provisions and statute cited; deny that Plaintiff's rights were violated under those laws or that Plaintiff is entitled to any recovery under any of them.

### II.

### PARTIES

2. Defendant lacks information sufficient to admit or deny Plaintiff's citizenship or current residence. Hence, denied.

3. Admitted that Defendant is employed by Harris County Sheriff's Office and that at the time in question he was acting in the course and scope of his employment as a peace officer and consistent with all applicable federal and state laws and the relevant County policies. Defendant otherwise denies Paragraph 3 and specifically denies Plaintiff's version of the underlying facts as detailed below; denies the claim that Defendant Hart violated any federal law alleged; and denies that any custom or policy of the County authorized, condoned or was the moving force of any alleged use of excessive force, which Hart also vehemently denies.

4. Admitted.

5. Denied.

## III.

## JURISDICTION

6. Defendant admits this case arises under federal law and that the Court thus has federal subject-matter jurisdiction under 28 U.S.C. § 1331. Paragraph 6 of the Complaint is otherwise denied.

## IV.

## VENUE

7. Defendant admits venue is proper. Paragraph 7 is otherwise denied.

## V.

## FACTUAL BACKGROUND

8. The first sentence of Paragraph 8 is admitted except for the phrase that Plaintiff was hit four times. Defendant lacks current knowledge of the number of shots that hit Plaintiff; thus the allegation that Plaintiff was hit four times is denied at this time. The dash cam video (Exhibit A) appears to be Deputy Hart's dash camera with a slow motion replay included. Defendant admits the Exhibit A video recording shows some of the relevant events, but denies that Exhibit A records many of the material visual or audio events of the incident. Key material facts occurred off-camera; the visual quality of the recording is poor; and the sound track only records very high decibel sounds, not spoken words. Defendant's voluntary statement (Exhibit G) is what it purports to be, speaks for itself, and is true. Defendant does not know, and lacks current information to address the truth of the allegation regarding the source of the alleged doorbell video (Exhibit B). Paragraph 8 is otherwise denied.

9. Admitted that on April 16, 2020, Deputy attempted to stop the vehicle in which Plaintiff was a passenger. Defendant further admits that Exhibit G to the Complaint speaks for itself and is true; and that Plaintiff's failure to wear a seatbelt was one reason, among others, for Hart's decision to attempt to stop the vehicle; other highly dangerous violations were committed by the driver of the vehicle during his flight from Deputy Hart, as referenced in Exhibit G, which supported the stop. Paragraph 9 is otherwise denied.

10. Defendant admits the first sentence of Paragraph 10 but adds that Plaintiff appears to be carrying an semi-automatic handgun in his left hand as he is shown on Exhibit

3

B fleeing on foot from the vehicle in which he was riding. Also admitted that not wearing a seatbelt is a non-violent offense, but deny the implication that Plaintiff was being pursued only for not wearing a seatbelt. Otherwise Paragraph 10 is denied.

11.     Paragraph 11 is admitted. However, Exhibit A does not show all of what is alleged in Paragraph 11.

12.     Admitted that Deputy Hart's voluntary statement (Exhibit G) accurately describes the events – that Plaintiff faced Deputy Hart twice and pointed his pistol at Hart telling Hart to move. Plaintiff, who was severely impaired on methamphetamine, has now denied doing that; but his denial is false. The video exhibits (A&B) speak for themselves - the events in Exhibit B (alleged security video) appear to have occurred before Plaintiff's confrontation with Deputy Hart in which Plaintiff pointed his weapon at Deputy Hart; and the dash cam video (Exhibit A) does not show that confrontation, which occurred out of the range of the camera. Paragraph 12 of the Complaint is otherwise denied.

13.     The first sentence is denied as alleged – the audio portion of Exhibit A records only high decibel sounds (muffled gunfire and siren), and so absence of a clear and audible voice recording made by the dash camera is no evidence of the absence of the verbal communications that occurred and are referenced in Deputy Hart's statement (Exhibit G). Exhibit B has no sound track at all; and the events depicted in Exhibit B appear to have occurred before the verbal communications in issue occurred. The document which Plaintiff has attached to the Complaint as Exhibit C and which Plaintiff characterizes as Deputy Hart's "statement to Detective J. Sanchez" is not Deputy Hart's statement at all – on its face it is dated 10/1/2020, which is several month after the 4/16/2020 incident in question. Defendant

lacks information to admit or deny the authenticity or context of Exhibit C, or whether Sanchez even wrote it. Paragraph 13 is otherwise denied.

14. Admitted that Deputy Hart's voluntary statement (Exhibit G) accurately describes the events – that Plaintiff was carrying a weapon in his hand, pointed it in the direction of Deputy Hart, and Deputy Hart commanded Plaintiff to drop his gun. Paragraph 14 is otherwise denied.

15. Admitted that Deputy Hart's voluntary statement (Exhibit G) accurately describes the events leading up to the shooting of what Deputy Hart believes were his first four shots. Paragraph 15 is otherwise denied.

16. Admitted that after being hit, Plaintiff fell into the roadway and his gun fell from his hand. Paragraph 16 is otherwise denied.

17. Admitted that Deputy Hart's voluntary statement (Exhibit G) accurately describes the events leading up to the shooting of Deputy Hart's fifth shot and that Deputy Hart fired that final shot in a reasonable response to what Deputy Hart perceived to be reaching movement by Plaintiff in the direction of the weapon on the ground that Plaintiff had earlier pointed at Deputy Hart. The video recording shows that approximately 7 seconds had passed between the fourth and fifth shots. The reaching movement by Plaintiff toward his weapon put Deputy Hart in reasonable and immediate fear for his own safety. The fifth shot immobilized Plaintiff and ended the immediate danger. Deputy Hart lacks knowledge to authenticate the alleged crime scene photograph (attached to the Complaint as Exhibit D) and denies Plaintiff's interpretation of what the photograph shows. Paragraph 17 is otherwise denied.

18. Admitted that after the fifth shot, Deputy Hart believed that Plaintiff was unable to get up and that Deputy Hart did not attempt to move him prior to EMS arriving. Paragraph 18 is otherwise denied.

19. Admitted that Plaintiff was wounded by Deputy Hart's gunshots. The nature of the wounds and other alleged injuries are unknown at this time due to Deputy Hart's lack of Plaintiff's medical records; therefore, the remainder of Paragraph 19 is denied at this time.

20. Admitted that Plaintiff was seen by EMS at the scene. Defendant lacks knowledge of where Plaintiff was transported or who transported him; therefore the remainder of paragraph 20 is denied at this time.

21. Deputy Hart cannot vouch for the authenticity of Exhibit F; he was not present for such alleged statements and thus cannot admit or deny the statements or the context. Paragraph 21 is otherwise denied.

22. Deputy Hart cannot vouch for the authenticity of Exhibit F; he was not present for such alleged statements and thus cannot admit or deny the statements or the context. Paragraph 22 is otherwise denied.

23. Deputy Hart admits he is a Deputy Sheriff and on duty with the Harris County Sheriff's Office. In his career he has prepared and filed use-of-force reports; and he has been accused of using excessive force, but he has been exonerated and properly so. Deputy Hart has been terminated for what was, and was determined to be an honest mistake about logging evidence, and Deputy Hart was exonerated and reinstated to his job by Sherif Gonzalez. Deputy Hart has on certain occasions not turned on his body camera; and there have been times when he has not completed continuing education requirements timely, but these

6

deficiencies have always been rectified and he has not ever been deficient in use-of-force training. The video (Exhibit E) speaks for itself. Paragraph 23 is otherwise denied.

24. Deputy Hart lacks personal knowledge concerning any of the allegations in Paragraph 24, and therefore he cannot admit or deny them. Based on his knowledge, Deputy Hart does deny the allegation that Harris County condones the use of excessive force by its deputies and otherwise denies Paragraph 24 of the Complaint.

25. Admitted that Harris County investigated the incident and that Hart was no billed by a grand jury. Paragraph 25 is otherwise denied.

## VI.

## CAUSES OF ACTION

**(i).  Section 1983 Excessive Force.**

26. Defendant Hart adopts his allegations in Paragraphs 1 through 25 of this Answer.

27. Defendant Hart acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves. Defendant admits that Plaintiff sustained certain injuries from the gun shots reasonably fired by Deputy Hart. Deputy Hart specifically denies that the force used was clearly excessive to the need for it and specifically denies that the force used was objectively unreasonable. A reasonable officer in Deputy Hart's position could have believed, as Deputy Hart did believe, that his use of force in each instance was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Paragraph 27 is otherwise denied.

28. Denied.

**(ii)   Qualified Immunity.**

29. Defendant Hart adopts his allegations in Paragraphs 1 through 28 of this Answer.

30. Defendant Hart does assert qualified immunity as an affirmative defense from suit and liability. Defendant Hart acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves. Defendant admits he intentionally and justifiably shot Plaintiff and that Plaintiff sustained certain injuries from the gun shots reasonably fired by Deputy Hart. Deputy Hart specifically denies that the force used was clearly excessive to the need for it and specifically denies that the force used was objectively unreasonable. A reasonable officer in Deputy Hart's position could have believed, as Deputy Hart did believe, that his use of force in each instance was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Paragraph 30 is otherwise denied.

31. Denied.

**(iii).   Monell Claim Against the County.**

32. Defendant Hart adopts his allegations in Paragraphs 1 through 31 of this Answer.

33. Defendant Hart acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves. Defendant admits he intentionally and justifiably shot Plaintiff, and that Plaintiff sustained certain injuries from

the gun shots reasonably fired by Deputy Hart. Deputy Hart specifically denies that the force used was clearly excessive to the need for it and specifically denies that the force used was objectively unreasonable. A reasonable officer in Deputy Hart's position could have believed, as Deputy Hart did believe, that his use of force in each instance was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Paragraph 33 is otherwise denied.

34. Defendant Hart acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves. Paragraph 34 is otherwise denied.

35. Defendant Hart acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves. Deputy Hart specifically denies that the force used was clearly excessive to the need for it and specifically denies that the force used was objectively unreasonable. A reasonable officer in Deputy Hart's position could have believed, as Deputy Hart did believe, that his use of force in each instance was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Paragraph 35 is otherwise denied.

36. Denied.

## VII.

## DAMAGES

37. Defendant Hart adopts his allegations in Paragraphs 1 through 36 of this Answer.

38. Denied.

## VIII.

## ATTORNEY'S FEES AND COSTS

39. Defendant acknowledges that Plaintiff has asserted a claim for attorneys' fees and costs, but denies that Plaintiff is entitled to any such relief because he is not entitled to prevail in this case.

## IX.

## RELIEF REQUESTED BY PLAINTIFF

40. Defendant Hart adopts his allegations in Paragraphs 1 through 39 of this Answer.

41. Defendant denies that Plaintiff is entitled to recover any of the damages sought, as there is no liability of either Defendant.

## X.

## JURY DEMAND

## XI.

42. Defendant acknowledges that a jury has been timely requested in this case.

## XII.

## AFFIRMATIVE DEFENSES

1. Deputy Hart adopts by reference his statement attached as Exhibit G to the Plaintiff's Amended Complaint. Hart is thus protected from suit and liability by qualified immunity. Defendant Hart was performing law enforcement duties in objective good faith,

within the scope of his discretionary authority, and within the general scope of his office and employment.

2.   Under the Fourteenth Amendment to the United States Constitution punitive damages are unconstitutional in this case to the extent they are assessed:

   a.   In an amount left to the discretion of the judge and/or jury;

   b.   In any decision representing less than a unanimous verdict;

   c.   Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;

   d.   Where the standard of guilt is not clearly defined; and/or

   e.   Where the assessment of punitive or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially differently.

\* \* \* \* \*

Accordingly, Defendant Rawltyn Hart requests that the Court, upon dispositive motion or trial on the merits, dismiss this action with prejudice and award this Defendant any other and further relief to which he may be entitled, including costs of court.

Respectfully submitted,

VIADA & STRAYER

By:    /s/ *Ramon G. Viada III*
       Ramón G. Viada III
       State Bar No. 20559350
       17 Swallow Tail Court
       The Woodlands, Texas 77381
       (281) 419-6338
       Email: rayviada@viadastrayer.com

ATTORNEY FOR DEFENDANT
RAWLTYN HART

## CERTIFICATE OF SERVICE

    I certify that all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on February 10, 2023.

                           /s/ *Ramon G. Viada III*
                           Ramon G. Viada III