**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MIKUL KLEHM,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. 4:22-CV-01226** |
| | § | |
| **V.** | § | **HON. CHARLES ESKRIDGE** |
| | § | |
| **RAWLTYN JORDAN HART, et al.,** | § | **JURY DEMANDED** |
| *Defendants.* | § | |

## DEFENDANT HARRIS COUNTY'S ANSWER & AFFIRMATIVE DEFENSES

Defendant Harris County files this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Doc. 18], and would respectfully show as follows:

## AFFIRMATIVE DEFENSES

Harris County does not admit any liability by asserting its defenses. Harris County specifically denies all allegations of liability. Plaintiff has the burden to prove facts supporting his cause(s) of action and this burden does not switch to Harris County by pleading its affirmative defenses. Indeed, the requirement to plead facts sufficient to overcome immunity is the Plaintiff's burden.

### First Affirmative Defense

Harris County asserts official, governmental, and sovereign immunity.

### Second Affirmative Defense

Harris County asserts there was no constitutional violation of Mikul Klehm's rights. There can be no municipal liability if no constitutional violation occurred. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

### Third Affirmative Defense

Harris County asserts and affirmatively pleads that Plaintiff has failed to plead sufficient facts to state a claim under 42 U.S.C. § 1983 and *Monell v. Department of Social Serv.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035- 36, 56 L.Ed.2d 611 (1978).

### Fourth Affirmative Defense

Plaintiff does not point to an official policy of Harris County that resulted in a violation of Mikul Klehm's constitutional rights. To the extent Plaintiff may be asserting that Harris County, or the Sheriff were negligent, a showing of negligence is not sufficient to establish § 1983 liability. *See Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir. 2004).

### Fifth Affirmative Defense

Plaintiff cannot prove ratification because Sheriff Gonzalez did not have actual knowledge that Deputy Hart used excessive force and yet approved the use of force anyway. In addition, there is no official policy that is the moving force for the alleged constitutional violation.  The statements by a low level employee about Hart "doing a great job tonight" does not impart ratification on Harris County. To allow otherwise would be tantamount to *respondeat superior*, which is not the standard. Harris County can only be found liable for failure to discipline if Harris County itself caused the alleged constitutional violation, which it did not. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Even if Plaintiff can somehow establish any claim against Hart, a failure to sufficiently discipline an officer does not raise a factual dispute as to ratification. Finally, this case does not present "extreme factual situations" that would support a finding of ratification.

**ANSWER**

Harris County responds to the numbered paragraphs set forth in Plaintiff's First Amended Complaint as follows:

**I.        Nature of the Case**

1.       Harris County admits that the case arises under the federal law – that being the constitutional provisions and statute cited, but denies that Plaintiff's rights were violated under those laws or that Plaintiff is entitled to any recovery under any of them.

**II.        Parties**

2.       Harris County is without sufficient information to admit or deny Paragraph 2.

3.       Harris County admits Deputy Hart was an employee and peace officer of the Harris County Sheriff's Office at the of the incident.  Harris County objects to the legal conclusion concerning course and scope of employment and that Deputy Hart acted under color of law and would state that it does not require a response. However, to the extent a response is necessary, Harris County denies the accuracy or application of these allegations.

4.       Harris County admits it is a governmental entity located in Harris County, Texas and it may be served by serving its County Judge, Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas  77002.  Harris County denies it is a municipality and denies it is "a/k/a Harris County Sheriff's Department" which is *non sui juris*.

5.       Harris County denies the allegations in Paragraph 5.

### III.     Jurisdiction and Venue

6.      Harris County admits this case arises under federal law and that the Court has jurisdiction over Plaintiff's federal claims.  Harris County denies the remaining allegations in Paragraph 6.

7.      Harris County admits venue is proper is the United States District Court for the Southern District of Texas and that the acts or omissions Plaintiff has alleged occurred within this district.

### IV.     Factual Background

8.      Harris County admits Deputy Hart was on duty and employed by the Harris County Sherriff's Office on April 16, 2020, and that dash cam video from his patrol vehicle recorded some, but not all, of the incident, including Deputy Hart firing shots at Plaintiff. The video attached to the Complaint as Exhibit A has been modified from its original format.  Harris County would state that the voluntary statement attached as Exhibit G to Plaintiff's Complaint speaks for itself and does not require a response. Harris County is without sufficient information to admit or deny the remaining allegations in Paragraph 8.

9.      Harris County admits Deputy Hart attempted to stop the vehicle in which Plaintiff was a passenger. Harris County would state that the voluntary statement attached as Exhibit G to Plaintiff's Complaint speaks for itself and does not require a response.  To the extent a response is required, Harris County is without sufficient information to admit or deny the remaining allegations in Paragraph 9.

10.     Harris County admits the first sentence of Paragraph 10. Harris County admits not wearing a seatbelt is a non-violent offense, but denies the implication that an armed suspect (Plaintiff) fleeing from Deputy Hart is a non-violent crime.

11.     Harris County admits the allegations in Paragraph 11, but denies that Exhibit A shows all of what is alleged in Paragraph 11.

12.     Harris County admits the dash cam video shows Plaintiff running into the roadway, and that Exhibit G and C attached to the Complaint describes Plaintiff as facing and pointing a gun at Deputy Hart. Harris County admits that Exhibits A and B do not show all of the actions described in Paragraph 12.  Harris County is without sufficient information to admit or deny the remaining allegations in Paragraph 12.

13.     Harris County admits that Exhibits A and B to the Complaint do not appear to reflect any verbal communications between Deputy Hart and Plaintiff, but these videos do not show all of what occurred that night.  Further, it appears the sounds in Exhibit A were muffled based on the reduced sound of the gunfire and Exhibit B did not contain any audio at all.  Deputy Hart reported (Exhibit G) that he yelled and gave commands to Plaintiff that were ignored and that Plaintiff yelled at him. Harris County is without sufficient information to admit or deny the remaining allegations in Paragraph 13.

14.     Harris County admits that Exhibits C and G to the Complaint report that Deputy Hart observed a gun in Plaintiff's hands and that Plaintiff pointed a gun at Deputy Hart. Harris County admits the video is difficult to decipher whether a gun can be seen in Plaintiff's hands due to the graininess of the video, but Plaintiff's gun was found at the

scene near Plaintiff on the roadway after he was shot by Deputy Hart. Harris County is

without sufficient information to admit or deny the remaining allegations in Paragraph 14.

15.     Harris County admits that Deputy Hart's voluntary statement (Exhibit G) describes

the events leading up to the shooting of what Deputy Hart believes were his first four shots

and that Plaintiff was a threat to him. Harris County is without sufficient information to

admit or deny the allegations regarding Plaintiff's injuries.  Harris County denies the

remaining allegations in Paragraph 15.

16.     Harris County admits the grainy video shows Plaintiff fall to the ground after being

shot near the middle of the roadway and that a 9mm semi-automatic gun and a bag of drugs

was found nearby. Harris County is without sufficient information to admit or deny the

remaining allegations in Paragraph 16.

17.     Harris County admits the grainy video (Exhibit A) shows a shot fired approximately

6 seconds after Plaintiff fell to the ground and that this occurred after Deputy Hart had fired

his weapon in Plaintiff's direction while Plaintiff was running.  Harris County admits that

Deputy Hart's voluntary statement (Exhibit G) describes that he saw Plaintiff reach for a

gun while he was on the ground. Harris County is without sufficient information to admit

or deny the allegations regarding Plaintiff's injuries.  Harris County admits a photograph

attached to the Complaint (Exhibit D) shows a gun in the roadway, but the source of this

photograph is not identified and it has not been authenticated. Harris County denies the

remaining allegations in Paragraph 17.

18.    Harris County admits Deputy Hart reported he did not move Plaintiff from the ground after he was shot and before EMS arrived.  Harris County is without sufficient information to admit or deny the remaining allegations in Paragraph 18.

19.    Harris County admits Plaintiff was injured at the scene, but is without sufficient information to admit or deny the allegations regarding the extent of Plaintiff's injuries.

20.    Harris County admits EMS came to the scene and Plaintiff was transported to Houston Northwest Hospital for his injuries.

21.    Harris County admits Deputy Robert Minchew spoke to the media, but denies he is a spokesman for the "Harris County policymakers" and further denies that his statements are in any way a ratification of the use of deadly force "even without knowing whether or not a suspect posed a threat to himself or others" or the actions of Deputy Hart.  Harris County objects to the argumentative nature and mischaracterization of Deputy Minchew's statements. Harris County denies the remaining allegations in Paragraph 21.

22.    Harris County admits Deputy Robert Minchew spoke to the media, but denies he was "describing the official policy or custom within Harris County, that Harris County officers are entitled to use deadly force any time a gun is present."  Harris County further denies any Harris County policy or custom is the moving force behind Deputy Hart's use of force against the Plaintiff.  Harris County objects to the insertion of legal argument concerning Texas gun laws and would state that a response is not required.  To the extent a response is necessary, Harris County denies the accuracy or application of this allegation. Harris County denies the remaining allegations in Paragraph 22.

23.     Harris County objects to the inflammatory exaggerations disguised as "facts" and

the conclusory argument in  Paragraph 23. Harris County denies it has a policy or custom

of not holding deputies accountable for excessive force violations and other breaches of

Harris County "policy" and denies a lack of accountability was the moving force behind

Deputy Hart's use of force against Plaintiff. Harris County denies the false assumption that

Deputy Hart was not properly trained or that he was improperly re-assigned to patrol

following other investigations into use of force allegations.  Harris County admits it has a

policy prohibiting the use of excessive force and denies it has an unofficial custom of

condoning the use of excessive force.  Harris County denies the false assumption that

Deputy Hart used excessive force on Plaintiff and denies that a lack of corrective action

against Deputy Hart was a moving force behind Deputy Hart's use of force against Plaintiff

or any other "future" suspects. Harris County cannot speak for the authenticity of the video

attached as Exhibit E to the Complaint. Harris County admits Deputy Hart appeared in an

episode of "Cops" titled "Any Way You Slice It".  Harris County admits there was no

internal affairs investigation stemming from the incident that occurred on October 18, 2018

because there was no use of force reported.  Harris County denies it has an unofficial

custom of condoning the use of excessive force.  Harris County admits Deputy Hart has

had other prior complaints of misconduct, including use of force, failing to turn in evidence,

not timely completing his continuing education requirements and failing to wear his body

camera, but Harris County denies that it knew Deputy Hart was attempting to "deceive

investigators."  Harris County denies its discipline of Deputy Hart has been "deficient" and

"knowingly ineffective" and denies Harris County has given Deputy Hart any reason to

believe Harris County is supportive of Deputy Hart engaging in any purported wrong-

doing. Harris County admits Deputy Hart was initially terminated at the conclusion of

Internal Affairs Division case no. IA2019-00393 by the Administrative Disciplinary

Committee, but the termination was reduced to 10 days suspension during the Sheriff's

Appeal.  Harris County admits this investigation began because a firearm with a scratched

off serial number was located in the driver's door of Deputy Hart's patrol vehicle.  Harris

County admits Sheriff Gonzalez is a policymaker for Harris County for law enforcement

purposes, but denies his assignment of Deputy Hart to a patrol assignment "could lead to

excessive force incidents" and further denies that any reference to a "throw down gun" in

this Paragraph is evidence of a policy or custom of helping deputies justify use of excessive

force or not holding deputies accountable for their actions.  Harris County denies that it has

not properly trained Deputy Hart with regard to use of force and denies that Harris County

has taken "minimal corrective actions" on this issue and denies that any discipline taken

was "deficient and knowingly ineffective."  Harris County denies that a lack of training or

untimely completion of continuing education or use of excessive force was a moving force

of any purported constitutional violation of Plaintiff.  Harris County denies the remaining

allegations in Paragraph 23.

24.     Harris County objects to the inflammatory exaggerations disguised as "facts" and

the conclusory argument in Paragraph 24. Harris County denies all the allegations in the

first three sentences of Paragraph 24. Harris County admits the DOJ issued a memorandum

in June 2009, but Harris County denies that it demonstrates a custom, policy or practice of

enabling the use of excessive force and denies it was a moving force with regard to

Plaintiff's incident.  Harris County objects to the mischaracterizations of the findings of the DOJ and denies that the DOJ memorandum has any application to this case, and denies that Harris County made no effort to change its policies, customs or practices since the issuance of the 2009 memorandum.  Harris County denies its policymakers "disregarded" the "admonitions and recommendations" in the 2009 DOJ memorandum. Harris County objects to the vagueness of the allegations concerning the "3,000 excessive force allegations" in 2015, but denies that Harris County or its policymaker condoned the use of excessive force or allowed the "practice" of excessive force to continue. Harris County denies its deputies used excessive force with regard to Travis Prespentt, Michael Alaniz, Gilbert Cruz, or Michael Maldonado. Harris County denies Harris County or its policymakers condoned the use of excessive force against Jerome Bartee in *Jerome Bartee, Jr. v. Harris County, et al,* Civil action no. 4:16-cv-2944 in the United States District Court Southern District of Texas Houston Division, dismissed on October 29, 2021, with no judicial determination of excessive force.  Harris County objects to Plaintiff's opinions with regard to what is allegedly "accepted" in the policing community and denies the allegations.  Harris County is without sufficient information to admit or deny the accuracy of the Sunset Advisory "Report" and what it determined, but Harris County denies the applicability of this Report and denies that TCOLE's standards are somehow inadequate to meet the public's needs.  Harris County denies that it has a Harris County "official policy" of using TCOLE standards and further denies that Harris County policymakers should know that meeting minimum state standards would result in the "unacceptable use of excessive force" by deputies. Harris County denies that it had any obligation to change

it policies, customs or practices in response to the Report and denies that Harris County has demonstrated a custom of condoning and enabling the use of excessive force or a conscious indifference to the "admonitions and recommendations" in the Report or the purported "violations of rights that would result." Harris County denies the remaining allegations in Paragraph 24.

25.     Harris County objects to the inflammatory exaggerations disguised as "facts" and the conclusory argument in Paragraph 25. Harris County admits an investigation was conducted by the Sherriff's Office into the subject incident, but denies the video footage is inconsistent with Deputy Hart's statements. Harris County denies that the Sherriff's Office presented charges to a grand jury as that is handled by the District Attorney's office and denies it had any participation in "purposely omitting" evidence of wrong-doing or deception to the grand jury. Harris County admits Deputy Hart was "no billed" as a result of the incident, but denies that Harris County "omitted" evidence from the grand jury or did anything to "secure" a no-bill. Harris County denies it has a policy or custom of not holding its officers accountable for their wrong-doings and denies that any such policy or custom was a moving force behind Deputy Hart's actions in this incident.

## V.     Causes of Action

26.     Paragraph 26 does not require a response. Harris County adopts its allegations in Paragraphs 1 – 25 of this Answer.

27.     Harris County objects to the inflammatory exaggerations disguised as "facts" and the conclusory argument in Paragraph 27. Harris County acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak

for themselves.  Harris County denies that Deputy Hart used excessive force or that he "illegally" seized and arrested Plaintiff. Harris County admits Plaintiff contends he was injured, but is without sufficient information to admit or deny the extent of the injuries. Harris County admits Plaintiff was suspected of not wearing a seatbelt – which is a non-violent offense -- but denies the implication that an armed suspect (Plaintiff) fleeing from Deputy Hart is a non-violent crime.   Harris County admits the video showed Deputy Hart fired shots at Plaintiff, but denies that the force used was objectively unreasonable. A reasonable officer in Deputy Hart's position could have believed that his use of force in each instance was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Harris County objects to the insertion of legal argument concerning Texas gun laws and would state that a response is not required.  To the extent a response is necessary, Harris County denies the accuracy or application of this allegation. Harris County admits Deputy Hart was an employee of the Sheriff's Office at the time of the incident.  Harris County denies the remaining allegations in Paragraph 27.

28.     Harris County denies the allegations in Paragraph 28.

29.     Paragraph 29 does not require a response. Harris County adopts its allegations in Paragraphs 1 – 28 of this Answer.

30.     Harris County admits Deputy Hart has pled qualified immunity.  Harris County acknowledges that the court opinions cited in the Complaint recite basic proposition of law and that the opinions speak for themselves.  Harris County admits Deputy Hart shot Plaintiff, but denies he had no reasonable basis to suspect Plaintiff was an imminent threat. Harris County objects to the insertion of legal argument concerning a clearly established

law and would state that a response is not required.  To the extent a response is necessary,

Harris County denies the accuracy or application of this allegation.  Harris County denies

the remaining allegations in Paragraph 30.

31.     Harris County denies the allegations in Paragraph 31.

32.     Paragraph 32 does not require a response. Harris County adopts its allegations in

Paragraphs 1 – 31 of this Answer.

33.     Harris County denies the allegations in Paragraph 33.

34.     Harris County objects to the legal conclusion regarding the liability of a

municipality under § 1983 and would state that it does not require a response.  However,

to the extent a response is necessary, Harris County denies the accuracy or application of

this allegation.  Harris County acknowledges that the court opinions cited in the Complaint

recite basic proposition of law and that the opinions speak for themselves.

35.     Harris County acknowledges that the court opinions cited in the Complaint recite

basic proposition of law and that the opinions speak for themselves.  Harris County denies

that it has a custom, policy or practice justifying the use of deadly force against any suspect

that has a gun, regardless of any threat that suspect may pose, and denies that any alleged

official policy was a moving force in Deputy's Hart's use of force against Plaintiff. Harris

County specifically denies that the force used was clearly excessive to the need for it and

specifically denies that the force used was objectively unreasonable. A reasonable officer

in Deputy Hart's position could have believed that his use of force in each instance was

objectively reasonable and did not violate any clearly established constitutional rights of

Plaintiff.  Harris County denies that it has a custom, policy or practice of seeking a "no

bill" from a grand jury when a deputy has been charged with assault "in order to protect Harris County from liability" and denies that Sheriff Gonzalez participates in that decision. Harris County denies it has a custom, policy or practice of a systemic unwillingness to address the use of excessive force by its deputies. Harris County objects to the conclusory allegations regarding "thousands of excessive force complaints since" the 2009 DOJ Memorandum and denies that it has taken no action or acted with deliberate indifference with regard to such complaints.  Harris County denies it fails to hire qualified deputies, denies it fails to properly train its deputies, and denies it fails to discipline employees who violate the rights of suspects – and denies that any of these are a moving force behind its employees using excessive force against Plaintiff or other suspects.  Harris County denies it has a custom, policy or practice of not holding deputies accountable for violations of department policy and denies it has a custom or policy of "condoning and encouraging the use of excessive force." Harris County admits Deputy Hart has been cited and disciplined for policy violations both before and after this incident, but denies that Sheriff Gonzalez acted with deliberate indifference to the rights of others whom Deputy Hart may come in contact with.  Harris County admits that TCOLE standards are the minimum standards to be followed and Harris County meets and/or exceeds these standards. Harris County denies that TCOLE standards are an official policy or custom of Harris County. Harris County denies it is known by Sheriff Gonzalez and/or Harris County that the TCOLE minimum standards are inadequate or lead to an increase in excessive force incidents. Harris County denies that Sheriff Gonzalez demonstrates deliberate indifference with regard to the rights of suspects vis-à-vis the TCOLE minimum standards.  Harris County denies that use of

14

TCOLE minimum standards for training, hiring or retaining employees are de facto "official policy or unofficial customs" of Harris County and denies that these standards result in the failure to hire or train qualified candidates in the appropriate use of force and denies that these standards were a moving force in alleged injuries to Plaintiff. Harris County denies its final policymakers ratified Deputy Hart's actions, denies that Harris County has a history of ratifying the actions of its deputies and denies that ratification was a moving force behind Plaintiff's alleged injuries. Harris County denies the remaining allegations in Paragraph 35.

36.    Harris County denies the allegations in Paragraph 36.

## VI.    Damages

37.    Paragraph 37 does not require a response. Harris County adopts its allegations in Paragraphs 1 – 36 of this Answer.

38.    Harris County denies the allegations in Paragraph 38 and denies that Plaintiff is entitled to any of the damages sought in this lawsuit.

## VII.    Attorney's Fees and Costs

39.    Harris County acknowledges that Plaintiff has asserted a claim for attorneys' fees and costs, but denies that Plaintiff is entitled to any such relief because he is not entitled to prevail in this case.

## VIII.  Relief Requested by Plaintiff

40.    Paragraph 40 does not require a response. Harris County adopts its allegations in Paragraphs 1 – 39 of this Answer.

41.     Harris County denies that Plaintiff is entitled to recover any of the damages sought,

as there is no liability of either Defendant. Further, Harris County denies that Plaintiff can

seek punitive and exemplary damages from it as a matter of law.[1]

## IX.     Jury Demand

42.     Harris County acknowledges that a jury has been timely requested in this case.

## Conclusion & Prayer

43.     Defendant Harris County prays the Plaintiff take nothing by reason of his lawsuit,

that Harris County be dismissed with prejudice from this lawsuit, that Harris County be

awarded its attorney's fees and costs, and that Harris County recover all relief, both general

and special, at law and in equity, to which it may show itself to be justly entitled.

**Date:  March 8, 2023**

                                                        Respectfully submitted,

                                                        */s/ Laura Beckman Hedge*
OF COUNSEL:                                             **LAURA BECKMAN HEDGE**
                                                        Sr. Assistant County Attorney
Christian D. Menefee                                    **ATTORNEY-IN-CHARGE**
State Bar No. 24088049                                  State Bar No. 00790288
HARRIS COUNTY ATTORNEY                                  Federal ID No. 23243
                                                        1019 Congress Plaza
                                                        Houston, TX 77002
                                                        (713) 274-5137 (telephone)
                                                        Laura.hedge@harriscountytx.gov

                                                        **AMY MAGNESS VANHOOSE**
                                                        Sr. Assistant County Attorney
                                                        Defensive Litigation
                                                        Harris County Attorney's Office
                                                        1019 Congress

---

[1] Plaintiff stipulated at the Initial Pretrial Conference that punitive damages against Harris County are withdrawn. *See* Dkt. # 45.

Houston, Texas  77002
Amy.vanhoose@harriscountytx.gov

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY**


**<u>Certificate of Service</u>**

I hereby certify that on March 9, 2023, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to:


DAVID BLEAKNEY
BENJAMIN CAMPAGNA
Texas Bar No. 24103798
100 N. Velasco
Angleton, TX 77515
Telephone:  (512) 541-8251
Facsimile:  (512) 532-7964

RAMON G. VIADA III
Texas State Bar No. 20559350
17 Swallow Tail Court
The Woodlands, TX 77381
Telephone:  (281) 419-6338


*/s/ Laura Beckman Hedge*
LAURA BECKMAN HEDGE

17