United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKUL KLEHM, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-01226 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAWLYTN JORDAN | § | |
| HART, *et al,* | § | |
| Defendants. | § | |

ORDER

Pending is a motion by Defendant Harris County to quash in part and obtain protection as to its Rule 30(b)(6) witness. Dkt 79.

This case involves an officer who shot a fleeing suspect. Plaintiff Mikul Klehm sued Defendants alleging violations under 42 USC §1983. Specifically, Plaintiff claims that Harris County bears *Monell* liability for failure to train, supervise, and discipline deputies; failure to properly investigate claims of excess force; habitually ratifying unconstitutional deputy conduct; and ratifying the subject officer's actions at issue here. Dkt 81 at 4–5 (response).

A Rule 30(b)(6) deposition of Harris County is scheduled for November 25, 2024. Dkt 79 at 1. One topic remains partially in dispute. Harris County thus filed a motion to quash and protect its Rule 30(b)(6) witness as to the following:

> **Topic 5**: The policies and customs related to, and the number of, use of force complaints made to the HCSO [Harris County Sheriff's Office] regarding deputies

on patrol between April 16, 2018 and April
16, 2020.

Dkt 79 at 2. To be clear, Harris County doesn't object to
questioning as to "the policies and customs" as to use of
force during those dates. It objects only to totaling and
testifying on "the number of" instances of use of force across
those dates. Ibid.

Plaintiff states that he seeks this data to establish that
Harris County was on notice that its current training and
supervision of its deputies is insufficient. See Dkt 81 at 9.
This awareness is necessary to establish municipal liability
under 42 USC §1983. Ibid, citing *Fuentes v Nueces County*,
689 Fed Appx 755, 777 (5th Cir 2017). But this deposition
topic as posed is far too broadly worded to serve any
relevant function in that regard. Yes, Plaintiff must
establish a pattern or practice to succeed on his claim. But
the Fifth Circuit is clear that establishing a pattern or
practice requires *similarity* and *specificity*. *Peterson v City
of Fort Worth*, 588 F3d 838, 851 (5th Cir 2009). "Prior
indications cannot simply be for any and all 'bad' or unwise
acts, but rather must point to the specific violation in
question.'" Ibid (citations omitted). As such, a blanket
request for "the number of" *all* use-of-force complaints—
without any contextualization or attempt to link those
complaints to facts in this action—doesn't provide the
similarity and specificity required to be relevant for this
inquiry.

Also important here is the fact that Harris County has
already provided Plaintiff with discovery regarding
(i) every officer-involved shooting while on patrol for the
two years leading up to the incident, (ii) the investigative
case summary for each of those shootings, detailing the
allegations, investigation, and facts revealed, and (iii) all
use-of-force instances involving the subject officer. Dkt 79
at 4. This is sufficient, relevant discovery by which Plaintiff
may attempt to establish the requisite pattern or practice.

The motion by Defendant Harris County to quash in
part and to protect its Rule 30(b)(6) witness is GRANTED.
Dkt 79.

SO ORDERED.

Signed on November 22, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge